UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALYN ANGELA WINDHAM EL, <br><br> Plaintiff, <br><br> v. <br><br> MERCIDEL HOWARD, et al., <br><br> Defendants. | Case No. 24-cv-09344-DMR <br><br> **ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION** |

Self-represented Plaintiff Rosalyn Angela Windham El ("Windham") filed a complaint and an application for leave to proceed *in forma pauperis* ("IFP"). [Docket Nos. 1, 2.] Windham alleges that she is a Moorish American National and "ancient American Inhabitant Executor Fiduciary and Successor Trustee of [a] Trust in Fee Simple Absolute," a property with address 2943 Chestnut St, Emeryville CA 94608. [*See* Docket No. 1 ("Compl.") at ECF 8.] The complaint seeks the ejection from this property of "all squatter persons, principle, agents, heirs and assign named on the grant deed and all current improvements" [*id.*], presumably the two individual Defendants who are alleged to reside at the 2943 Chestnut St property [*id.* at 2].[1]

The court considers Windham's complaint and IFP application pursuant to 28 U.S.C. § 1915(a). A court may allow a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. *See* 28 U.S.C. § 1915(a). The court's grant of a plaintiff's application to proceed IFP, however, does not mean that a plaintiff may continue to prosecute the complaint. A court is under a continuing duty to dismiss a case filed without the

---

[1] The two Defendants are named Mercidel Howard and Mikkela Rose-Marie Sweet in the case caption but identified as Mercidel Howard and Joyce Annette Howard in the complaint itself. [Compl. at 1, 2.]

payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If the court dismisses a case pursuant to section 1915(e)(2)(B), the plaintiff may still file the same complaint by paying the filing fee. This is because the court's section 1915(e)(2)(B) dismissal is not on the merits, but rather an exercise of the court's discretion under the IFP statute. *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Having evaluated Windham's financial affidavit, the court finds that she has satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and grants her application to proceed IFP.

Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). A federal court may exercise either federal question jurisdiction or diversity jurisdiction. Federal question jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States. A case "arises under" federal law when federal law either (1) "creates the cause of action" or (2) "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983). A federal district court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332. On her form complaint, Windham has checked boxes indicating that the bases for federal court jurisdiction are both federal question and diversity of citizenship. [Compl. at 3.]

The court lacks federal question jurisdiction over this action. Federal question jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States. "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392

2

(1987)).  In this case, in the section for federal question jurisdiction, the complaint states only "Article I Section 10 Clause 1[:] No State shall make any thing but gold and silver Coin a Tender in Payment of Debts."  Windham cites this clause of the constitution as supporting the "particulars" of the alleged Moorish American "prehistoric acquisition of land" and existence of a "private express trust [Prophet Noble Drew Ali] created for the Moors in 1928," which is the "fee simple absolute."  [Compl. at ECF 8, 14.]  However, the complaint does not allege a constitutional violation, nor could it against two private individuals.[2]  While the attached affidavit describing the fee simple absolute references various legal citations, the ejectment sought by the complaint does not arise under the U.S. Constitution or an identifiable law or treaty of the United States.

Windham and the Defendants also do not appear to have diversity of citizenship.  A natural person's state of citizenship is determined by the state of domicile.  *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."  *Id*.  Windham alleges that she is domiciled in California.  [Compl. at 1, 3.]  She indicates that the two individual Defendants are residents of 2943 Chestnut St, Emeryville, California, in one page of the complaint and residents of "California Corporation 1850" on another page.  [*Id.* at 2, 3-4.]  Because all three parties appear to be residents of California, the parties are not diverse, and the court concludes that it does not have diversity jurisdiction over this action under 28 U.S.C. § 1332.[3]

As it is not clear that the court has jurisdiction over this action, by no later than **May 9, 2025**, Windham shall explain in writing why this case should not be dismissed for lack of subject

---

[2] The U.S. Constitution generally does not provide a remedy for constitutional violations against private individuals.  "With a few exceptions, such as the provisions of the Thirteenth Amendment, constitutional guarantees of individual liberty and equal protection do not apply to the actions of private entities."  *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 619 (1991).  Rather, these protections "apply in general only to action by the government."  *Id.*

[3] To the extent Windham may seek to rely on her Moorish citizenship to bypass the diversity requirement, courts have not been receptive to such arguments.  *See, e.g.*, *Ingram El v. Crail*, No. 18-cv-1976-MCE-EFB PS, 2019 WL 3860192, (E.D. Cal. Aug. 16, 2019) ("Plaintiff's Moorish citizenship argument is a frivolous attempt to establish diversity jurisdiction where none exists, and the ploy is not new." (collecting cases)).

matter jurisdiction.  If Windham fails to respond by that date or her response fails to establish a basis for subject matter jurisdiction, the court may prepare a report and recommendation recommending dismissal of the case.

The court refers Windham to the section "Representing Yourself" on the Court's website, located at https://cand.uscourts.gov/pro-se-litigants/, as well as the Court's Legal Help Centers for unrepresented parties.  Parties may schedule an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: April 9, 2025

Donna M. Ryu
Chief Magistrate Judge