UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALYN ANGELA WINDHAM EL,<br><br>Plaintiff,<br><br>v.<br><br>MERCIDEL HOWARD, et al.,<br><br>Defendants. | Case No. 24-cv-09344-WHO<br><br>**ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: Dkt. Nos. 2, 12 |

On May 12, 2025, Magistrate Judge Donna Ryu issued a Report and Recommendation that I dismiss this case. Dkt. No. 12. The deadline for objections has passed and none was filed.[1]

Having reviewed the record in this case, I agree with Judge Ryu's recommendation and adopt it in full. On December 23, 2024, se plaintiff Rosalyn Angela Windham El ("Windham") filed a complaint and an application for leave to proceed *in forma pauperis* ("IFP"). Dkt. Nos. 1 (Complaint, or "Compl."), 2 (IFP Application). Windham alleges that she is a Moorish American National and "ancient American Inhabitant Executor Fiduciary and Successor Trustee of [a] Trust in Fee Simple Absolute," a property with address 2943 Chestnut St, Emeryville, CA 94608 (the "Property"). *See* Complaint. Through the complaint, Windham seeks the ejection from the Property of "all squatter persons, principle, agents, heirs and assign named on the grant deed and all current improvements"; it can be inferred from the pleadings that Windham refers to the two individual defendants whom Windham alleges reside at the Property. *See generally* Compl.

On April 9, 2025, Magistrate Judge Donna Ryu considered Windham's complaint and IFP application pursuant to 28 U.S.C. § 1915(a). Judge Ryu granted Windham's IFP application, *see*

---

[1] Plaintiff did file a "Notice of Lis Pendens," after the deadline for objections had passed, which was not responsive to Judge Ryu's requests, and that I address later in this Order.

1    Dkt. No. 11 at 2, but determined from the complaint that this court lacks subject matter

2    jurisdiction over Windham's claims, *see id.* at 2-3.  As Judge Ryu laid out, Windham's complaint

3    does not allege a constitutional violation, and the ejectment from property that Windham seeks

4    through this action does not arise under the United States Constitution or other identifiable law or

5    treaty of the United States, meaning the court lacks federal question jurisdiction.  *See* Dkt. No. 11

6    at 2-3; *see generally*, Compl.  Windham and the defendants also do not enjoy diversity of

7    citizenship: Windham sets forth in the Complaint that she is domiciled in California, and she

8    indicates that the two defendants are residents of the Property, which is located at 2943 Chestnut

9    St, Emeryville, CA.  *Id.* 1, 2, 3-4.  The court lacks diversity jurisdiction because all three parties

10   appear to be residents of California.[2]  *See* Dkt. No. 11 at 3-4.

11          On April 9, 2025, Judge Ryu ordered Windham to "explain in writing" by no later than

12   May 9, 2025, "why this case should not be dismissed for lack of subject matter jurisdiction."  Dkt.

13   No. 11 at 3-4.  Judge Ryu informed Windham that if she failed to respond by that date, or if her

14   response failed to establish a basis for subject matter jurisdiction, the court may prepare a report

15   and recommendation recommending dismissal of the case.  *Id.* at 4.  Judge Ryu then referred

16   Windham to the court's resources for pro se plaintiffs.  Windham did not file a response.

17   Accordingly, on May 12, 2025, Judge Ryu issued a report and recommendation to dismiss the

18   complaint without prejudice for failure to prosecute.  Objections were due on May 27, 2025.  Dkt.

19   No. 12.  No objection was filed by that date.

20          On May 29, 2025, Windham filed what she styled as a "Request for Notice of Lis

21   Pendens."  Dkt. No. 14.  The notice re-asserted facts alleged in her complaint; that Windham, a

22   resident of California, was seeking the ejectment of defendant Joyce Annette Howard, also a

23   resident of California, from the Property.[3]  The notice was not responsive to Judge Ryu's

---

[2] As Judge Ryu noted, to the extent Windham might wish to rely on her Moorish citizenship to bypass the diversity requirement, "courts have not been receptive to such arguments." *See, e.g., Ingram El v. Crail*, No. 18-cv-1976-MCE-EFB PS, 2019 WL 3860192, (E.D. Cal. Aug. 16, 2019) ("Plaintiff's Moorish citizenship argument is a frivolous attempt to establish diversity jurisdiction where none exists, and the ploy is not new." (collecting cases)).

[3] The "Notice of Lis Pendens" identified the Property as located at "2943 Chestnut Street, Oakland, California," whereas the Complaint identified the Property as located at "2943 Chestnut

questions about subject matter jurisdiction. It did not raise any new issues that would give rise to federal question jurisdiction and it reiterated that the parties in this case are all residents of California, meaning this court lacks diversity jurisdiction.

In light of these uncontested facts that make clear that this court lacks subject matter jurisdiction over this case, and given Windham's failure to object to Judge Ryu's Report and Recommendation, this case is DISMISSED without prejudice.

**IT IS SO ORDERED.**

Dated: July 10, 2025



William H. Orrick
United States District Judge

---

Street, Emeryville, CA." Given the relative proximity of Emeryville and Oakland and the identical street addresses, it can be inferred that the two differently listed addresses refer to the same property.

3